**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2996
_____

REGINA MERCEDES GUYTON,
                                        Appellant

v.

PECO INC; LYNN R. ZACK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-02547)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 10, 2019

Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed: May 3, 2019)

_____

OPINION[*]
_____

PER CURIAM

        Regina Mercedes Guyton appeals the District Court's dismissal of her complaint

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for failure to state a claim. Also pending before us is a motion for injunctive relief. For the following reasons, we will affirm the District Court's dismissal and deny the motion.

Guyton filed this action against PECO Inc. and Lynn R. Zack (collectively, Defendants), alleging they disconnected her utility services at her house for over an hour on May 10, 2018, even though she had been paying for services. She also alleged that PECO and Zack issued threats against her. After Guyton filed an amended complaint and application to proceed *in forma pauperis* (IFP), the District Court granted Guyton leave to proceed IFP, but dismissed her complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Guyton then filed a second amended complaint. The District Court construed the second amended complaint liberally to allege a due process claim, see 42 U.S.C. § 1983, against PECO, a Fair Debt Collection Practices Act (FDCPA) claim against Defendants,[1] and a breach-of-contract claim against Defendants.

The District Court determined that PECO is not a state actor, and thus cannot be sued under § 1983. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (noting there is no liability under § 1983 for those not acting under color of state law). As to the FDCPA claim, the District Court held that, while Guyton is a consumer and her utility bills are a "debt" under the FDCPA, Defendants were not "debt collectors" as that

---

[1] The District Court reasoned that Guyton was alleging a FDCPA claim because Defendants allegedly sent letters threatening Guyton and demanding payment of her utility bills.

term is defined; rather, Defendants were attempting to collect a debt in their own name.[2]

See 15 U.S.C. § 1692a(6) (A "debt collector" includes "any person . . . who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due *another*." (emphasis added)); see also Barbato v. Greystone All., LLC, 916

F.3d 260, 265 (3d Cir. 2019) (explaining the elements of an FDCPA claim). Finally, as

to the state-law breach-of-contract claim, the District Court found that Guyton and

Defendants were all Pennsylvania residents, and thus no diversity of citizenship existed.[3]

See 28 U.S.C. § 1332.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District

Court's sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) is de novo. See Allah

v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). When considering whether to dismiss a

complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), the District Court

uses the same standard it employs under Fed. R. Civ. P. 12(b)(6). See id. "[A] complaint

must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is

plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual

---

[2] As to Zack, the only reasonable inference the District Court could draw from the pleadings was that Zack was an employee of PECO, and thus could not be considered a "debt collector" either. See 15 U.S.C. § 1692a(6)(A) (an employee of a creditor collecting debts in the name of the creditor is not a "debt collector").

[3] We view the District Court's disposition of this claim to amount to a refusal to exercise supplemental jurisdiction over any state-law claim. See 28 U.S.C. § 1367.

allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff.  Id.

On appeal, Guyton argues that PECO has received payments from her for over a year, but that her service was shut off and Zack sent a letter "of non-recognition" to her, notifying her that the form of payment she tendered was not recognized.[4]  She also alleges, for the first time and without support, that she is being racially and religiously discriminated against.[5]  Appellant's Br. 1.  However, Guyton does little to contest the District Court's determinations.  The only argument Guyton advances to contest the District Court's order is a single sentence asserting that "all [of] the cases" the District Court chose "did not apply" but there are "many [other] cases of successful application." Appellant's Br. 2.  Guyton does not cite any of these other cases.  More importantly, she does not present any argument as to the viability of her § 1983 due process claim against PECO, or her FDCPA and breach-of-contract claims against Defendants.

Consequently, we are inclined to view Guyton's two page brief—which sets forth

---

[4] Throughout the pleadings and on appeal, Guyton continuously refers to something called "Treasury Off set" as a means of her payment.  She does not thoroughly explain what this is, and, indeed, states "it[']s not [o]ne[']s responsibility to explain [it]." Appellant's Br. 1.

[5] We need not address this conclusory, undeveloped accusation.  See Ross v. Hotel Employees & Rest. Employees Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001) ("Generally, absent *compelling* circumstances an appellate court will not consider issues that are raised for the first time on appeal." (emphasis added) (internal quotations omitted)).

none of the issues addressed by the District Court and contains no citation to authority[6] or the record—as effectively waiving any challenge to the District Court's rulings on these matters.[7]  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that if an appellant fails "to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief" those issues are normally deemed "abandoned and waived . . . on appeal and [they] need not be addressed by the court of appeals"); see also Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

Even if we declined to enforce this waiver, we would—for the reasons mentioned above and thoroughly discussed in the District Court's order—find no error in the District Court's dismissal pursuant to § 1915(e)(2)(B)(ii).  The District Court generously construed Guyton's pleadings and made every reasonable inference it could, despite the lack of detail and facts presented.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require "'detailed factual

_____

[6] Guyton *does* cite to "HJR 192," which is apparently cited as a baseless means of avoiding debt.  See, e.g., United States v. Salman, 531 F.3d 1007, 1009 (9th Cir. 2008) (affirming conviction under 18 U.S.C. § 514(a)(2) of defendant who presented fictitious financial instruments, marked with "HJR 192," to the Internal Revenue Service).

[7] While we are mindful of the Guyton's pro se status, and although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals.  See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998).

allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (alteration omitted) (quoting Twombly, 550 U.S. at 557)). Furthermore, given the circumstances of this case, including the fact that Guyton was allowed to amend her complaint twice, the District Court did not err in declining to invite additional amendment of her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

For the foregoing reasons, we will affirm the District Court's judgment. We deny Guyton's motion for injunctive relief for the reasons explained in the margin.[8]

---

[8] As the appeal is now at an end, Guyton's "Request for Injunction," which appears to seek preliminary injunctive relief pending the disposition of this appeal, is now moot. See Constand v. Cosby, 833 F.3d 405, 409 (3d Cir. 2016). And even if it were not, the motion rested on undeveloped allegations and failed to identify the precise injunctive relief she sought. See Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (setting forth requirements for establishing that preliminary injunctive relief is warranted).